**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**


**THE MEDICAL CENTER OF CENTRAL**   :
**GEORGIA, INC.,**   :
  :
      **Plaintiff,**   :
  :
**vs.**   :      **5:03CV32 (DF)**
  :
**DENON DIGITAL EMPLOYEE**   :
**BENEFITS PLAN; DENON DIGITAL,**   :
**LLC; and J. SMITH LANIER &**   :
**CO. ADMINISTRATORS, INC.,**   :
  :
  :
      **Defendants.**   :


**O R D E R**

    This matter is before the Court on three pending motions: (1) Defendant J. Smith Lanier & Co. Administrators, Inc.'s Motion for Leave to Amend its Cross-Claim for Indemnification against Defendant Denon Digital, LLC (tab 88); (2) Defendant J. Smith Lanier & Co. Administrators, Inc.'s Motion for Attorney's Fees against Plaintiff Medical Center of Central Georgia, Inc. (tab 82), and; (3) Defendant Denon Digital, LLC's Motion to exclude from trial certain testimony and documents set forth in J. Smith Lanier & Co. Administrators, Inc.'s pre-trial disclosures (tab 96).[1] The Court has given these motions due consideration and sets forth its findings below.

---

    [1] Denon's objections to the pre-trial disclosures are not brought in a motion, but instead are simply "disclosed" and filed with the Court as contemplated by Rule 26(a)(3) of the Federal Rules of Civil Procedure. The Court, however, elects to treat the listed objections as a motion "in limine" and, to the extent possible, rule upon the objections in advance of trial. *See* Fed. R. Civ. Pro. 26 advisory committee's note.

## I.    FACTS

This case originated as an ERISA action for payment of Plan benefits brought by Plaintiff Medical Center of Central Georgia, Inc. ("MCCG") against Defendants Denon Digital Employee Benefits Plan, Denon Digital, LLC (collectively "Denon"), and J. Smith Lanier & Co. Administrators, Inc. ("JSLA").[2]  The Court granted JSLA's motion for summary judgment with respect to Plaintiff's claims on July 13, 2004, and granted Denon's motion for summary judgment with respect to Plaintiff's claims on November 1, 2004.

The Court's disposition of those summary judgment motions left one original claim pending for consideration; JSLA's cross-claim against Denon seeking indemnification for expenses and attorney's fees incurred as a consequence of defending itself in this litigation.  *See* JSLA's Ans., tab 8, at 8.   JSLA—the third-party administrator of an employee benefits plan administered by Denon—argues that such indemnification is required under the terms of the Administrative Services Agreement it entered with Denon. JSLA moved for summary judgment on its cross-claim on October 29, 2004, but the Court denied its motion as untimely filed (tab 79).  The parties have not been able to work out a settlement, and this claim is currently scheduled for trial.  However, JSLA now seeks leave, pursuant to Rule 15 of the Federal Rules of Civil Procedure, to amend its cross-claim by adding a claim for attorney's fees and expenses against Denon under O.C.G.A. § 13-6-11 (Lexis Supp. 2004) (tab 88).  JSLA argues that leave to amend should be "freely given" under Rule 15.  Denon disagrees, maintaining that JSLA's motion is untimely under the

---

[2] The Hartford Insurance Company was also named as a defendant, but was subsequently dismissed by stipulation of the parties on April 3, 2003 (tab 11).

terms of the scheduling order and that, as a consequence, such leave should be considered under the "good cause" standard of Rule 16.

In addition to its motion for leave to amend, JSLA has filed a motion for attorney's fees against MCCG pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. § 1132(g)(1).  JSLA argues that an award of fees and expenses is appropriate because MCCG's claims "lacked any basis, were pursued in bad faith, and failed as a matter of law."

JSLA filed its Rule 26(a)(3) pre-trial disclosures on March 23, 2005.  The pre-trial order was entered shortly thereafter on April 4, 2005.  Denon originally expressed reservations in the pre-trial order about certain aspects of JSLA's pre-trial disclosures. Two days later, on April 6, 2005, Denon filed a list of objectsions, requesting that certain information be excluded from trial under Rule 37(c)(1) of the Federal Rules of Civil Procedure.

Each motion will be addressed in turn.

## II.     LEGAL DISCUSSION

### A.     Motion for Leave to Amend

Typically, Rule 15(a) governs the pre-trial amendment of pleadings and provides that, once a responsive pleading has been served, "a party may amend the party's pleading only by leave of court . . . [and] leave shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a) (West 2005).  Rule 15(b), on the other hand, governs the amendment of pleadings during trial or after trial "[w]hen issues not raised by the pleadings are *tried by express or implied consent* of the parties" and amendment is necessary to

conform to the pleadings to the evidence.  Fed. R. Cir. Pro. 15(b).  Amendment under Rule 15(b) may be made "upon motion of any party at any time" and shall be freely granted unless doing so would prejudice the opposing party.  *Id.*  Neither provision sets forth a particularly stringent standard for amending pleadings.  However, because of the current posture of this case—with only several weeks left until the trial begins—the Court must take into consideration an additional rule of procedure in deciding whether JSLA is entitled to amend its cross-claim under Rule 15(a).

Rule 16 permits trial courts wide discretion in matters of docket management, particularly with respect to the facilitation of pre-trial issues.  The rule directs district courts to enter a scheduling order "that limits the time . . . to join other parties and to amend the pleadings."  Fed. R. Civ. Pro. 16(b).  Once such an order has been entered, it "shall not be modified except upon a showing of good cause and by leave of the district judge."  *Id*.  As is clear from the language used in each, there is a noticeable difference between Rule 15 and Rule 16 regarding what a party must show in order to amend his pleadings: Rule 15(a) contemplates that motions for leave to amend should be "freely given" when justice so requires, while Rule 16(b) contains a heightened "good cause" standard which is triggered once such a motion has been filed past the deadline prescribed in the court's scheduling order.  JSLA's motion to amend highlights these differences.

The scheduling order at issue here, entered on June 18, 2003, is cited by both JSLA and Denon in support of their respective positions.  The order provides that "[t]he time to amend the pleadings will be made in accordance with Rule 15(a)."  Tab 17, at 2.  In the following paragraph, setting forth the deadlines for filing various motions, the order requires

4

that "[t]he parties will file *dispositive* motions no later than 45 days after the close of discovery . . . [and that] [t]he parties will file *all other* motions, except motions in limine, no later than 30 days after the close of discovery." Tab 17, at 2.

In support of its motion, JSLA cites both sections (a) and (b) of Rule 15 and, although each serves a different purpose, makes no distinction between the two. After reviewing its motion under each section, the Court finds that there is no basis for permitting JSLA to amend its cross-claim.

1.    *Motion to Amend Under Rule 15(a)*

Because the scheduling order states that "the time to amend the pleadings will be made in accordance with Rule 15(a)," JSLA appears to argue that its motion to amend is timely because Rule 15(a) prescribes no deadline for the filing of such motions. JSLA is correct in this respect; Rule 15(a) contains no filing deadline. However, JSLA fails to acknowledge the section of the scheduling order which specifically sets forth the deadline for filing *all non-dispositive* motions (except motions in limine)—30 days after the close of discovery. A motion for leave to amend is not dispositive and, of course, does not qualify as a motion in limine. Consequently, in order to avoid the "good cause" standard of Rule 16(b), a motion of this sort should have been filed no later than 30 days after the close of discovery. The reference to Rule 15(a) in the scheduling order merely indicates that timely filed motions to amend will be considered in light of the standards set forth in Rule 15(a).

Since its motion for leave to amend was filed after the non-dispositive-motion filing deadline set forth in the scheduling order, JSLA will not be permitted to amend its cross-claim unless it is able to show "good cause" for doing so under Rule 16(b).

The Eleventh Circuit, along with a number of its sister circuits, has held that Rule 16(b) governs motions to amend pleadings when such motions are untimely filed under the terms of the trial court's scheduling order. *See Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998). The court in *Sosa* noted that "[i]f [plaintiff's] motion for leave to amend had been filed within the time prescribed by the scheduling order, Rule 15(a) would be our primary focus, as well. However, because [her] motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)." *Id.*; *see also S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 537 (5th Cir. 2003); *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 342 (2d Cir. 2002); *In re Mild Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir.1992); *Riofrio Anda v. Ralston Purina Co.*, 959 F.2d 1149, 1154-55 (1st Cir. 1992).

Rule 16(b)'s good cause standard "precludes modification [of the scheduling order's filing deadlines] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. Pro. 16 advisory committee's note). As justification for its recently filed motion, JSLA maintains that it could not have added a bad faith claim against Denon any earlier because the evidence did not support it. JSLA argues that "Denon's bad faith and stubborn litigiousness in this action is necessarily cumulative" and that "Denon is unreasonably proceeding to trial." JSLA's Reply Brief in Supp. of Mot. for Leave to Amend, tab 101, at 2-3. However, these reasons are insufficient to ground a claim for attorney's fees under O.C.G.A. § 13-6-11.

"Bad faith [as used in O.C.G.A. § 13-6-11] refers to the transaction out of which the cause of action arose rather than the motive with which the defense is made." ***Cade v. Roberts***, 334 S.E.2d 379, 380 (Ga. Ct. App. 1985); *see also* ***Computer Communications Specialists, Inc. v. Hall***, 373 S.E.2d 630, 633 (Ga. Ct. App. 1988) ("It is well settled that the 'bad faith' contemplated by this Code section is bad faith connected with 'the transaction and dealings out of which the cause of action arose,' rather than bad faith in defending or resisting the claim after the cause of action has already arisen."); *see also* ***Salsbury Lab., Inc. v. Merieux Lab., Inc.***, 735 F. Supp. 1555, 1572 (M.D. Ga. 1989).  The term "refers to a time prior to the institution of the action." ***Brannon Enterprises, Inc. v. Deaton***, 285 S.E.2d 58, 60 (Ga. Ct. App. 1981).  JSLA has not pointed to any evidence of bad faith on Denon's part in entering the ASA—the transaction which forms the basis of JSLA's cross-claim.  To the contrary, JSLA argues that its motion to amend "is based on evidence which did not exist early in this case, but rather was generated by Denon's bad faith . . . *in this action*."  JSLA's Reply Brief in Supp. of Mot. for Leave to Amend, tab 101, at 5.

"Recovery of attorney fees for stubborn litigiousness is not authorized where there is a 'bona fide controversy.'" ***Nestle' Co., Inc. v. J.H. Ewing & Sons***, 265 S.E.2d 61, 65 (Ga. Ct. App. 1980); *see also* ***Backus Cadillac-Pontiac, Inc. v. Brown***, 365 S.E.2d 540, 541 (Ga. Ct. App. 1988).  JSLA, in an attempt to show that there is no bona fide controversy between itself and Denon, asserts that "Denon's insistence on proceeding to trial on a contractual obligation to which it has no good faith defenses is itself substantial evidence of stubborn litigiousness."  JSLA's Reply Brief in Supp. of Mot. for Leave to

Amend, tab 101, at 5.  The Court notes that Denon's defense to the cross-claim centers on its interpretation of the language in the ASA agreement.  While its interpretation is obviously different than that of JSLA—indeed, one that JSLA finds unreasonable—the Court concludes that there exists a bona fide controversy between the parties with respect to JSLA's cross-claim.  Therefore, JSLA's charge of stubborn litigiousness does not support an award of attorney's fees under the statute.

To the extent that JSLA's motion for leave to amend is necessarily a pre-trial motion under Rule 15(a), it must be considered in light of and justified by Rule 16(b)'s good cause requirement since it was filed after the scheduling order's deadline for filing non-dispositive motions.  Good cause for leave to amend cannot be shown where there is no legal basis to support such an amendment.  Because JSLA has not demonstrated an adequate foundation for its claim under O.C.G.A. § 13-6-11, it cannot show that good cause exists for the amendment of its cross-claim.  Accordingly, JSLA's motion for leave to amend under Rule 15(a) is denied.

### 2.    *Motion to Amend under Rule 15(b)*

JSLA also maintains that its motion is justified under Rule 15(b), arguing that its cross-claim must be amended so that it will conform to the evidence in the case.  However, the language of 15(b), and the cases interpreting it, make clear that this Rule is not a mechanism for amending pleadings before trial.  Rule 15(b) provides that "[w]hen issues not raised by the pleadings are *tried* by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.  Such amendment of the pleadings as may be necessary . . . may be made *upon motion of any party at any*

8

*time.*" Fed. R. Civ. Pro. 15(b) (emphasis added). JSLA, relying on the words emphasized in the prior sentence, insists that it is never too late to seek an amendment for the purpose of conforming the pleadings to the evidence in a case. JSLA is correct; a party may move to amend the pleadings at any time under this Rule, even after the entry of judgment.[3]

However, JSLA's reliance on this portion of the Rule ignores the significance of the first sentence, which requires that the issues in question in fact be *tried by express or implied consent. See* **E. David Gable & Assoc. v. Dean Witter Reynolds, Inc.**, 166 F.3d 332, **7 (4th Cir. 1998) ("As its terms would suggest, Rule 15(b) is generally invoked when parties have actually gone to trial."); *see also* **Gold v. Local 7 United Food and Commercial Workers Union**, 159 F.3d 1307, 1309 n.3 (10th Cir. 1998) ("[The party's] ostensible Rule 15(b) motion was made before trial, when no issues had or could have been tried. Rule 15(b) seems a totally inappropriate vehicle for a motion to amend prior to trial."), *overruled on other grounds by* **Styskal v. Weld County Comm'rs.**, 365 F.3d 855 (10th Cir. 2004). Here, the trial of this matter has yet to occur. Therefore, under the language of Rule 15(b), JSLA's pre-trial motion is premature. In addition, and to no one's surprise, the issues highlighted by JSLA as warranting amendment of the pleadings—that Denon has acted in bad faith and been stubbornly litigious—have not been consented to by Denon, either expressly or impliedly. Consequently, JSLA's motion for leave to amend under Rule 15(b) is denied. Should JSLA find it necessary to invoke Rule 15(b) based on

---

[3] In contrast to pre-trial motions to amend under Rule 15(a), the time for filing a motion under Rule 15(b) is of necessity not limited by the filing deadlines contained in a Rule 16(b) scheduling order. *See* **Wallin v. Fuller**, 476 F.2d 1204, 1210 (5th Cir. 1973) (noting that Rule 16 should be interpreted in light of the purposes to be served by Rule 15(b)). To interpret the Rules otherwise would make a dead letter out of Rule 15(b).

evidence elicited during trial, such a motion and any objections thereto will be treated in accordance with the terms of the Rule at that time.

### B.   Motion for Attorney's Fees

JSLA has moved for an award of attorney's fees against MCCG pursuant to 29 U.S.C.A. § 1132(g)(1) (West 1999) which states, in pertinent part: "In an action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."   Eligibility for attorney's fees under this statute, unlike some others, does not hinge on one's status as a prevailing party.   In determining whether an award of fees and costs is appropriate under § 1132(g)(1), courts typically apply five factors: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing party would deter other persons acting under similar circumstances; (4) whether the party requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.   *Freeman v. Continental Ins. Co.*, 996 F.2d 1116, 1119 (11th Cir. 1993).   In this Circuit, "[n]o one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address." *Id.*   A district court may, in its discretion, consider only those factors it deems important. *See Florence Nightingale Nursing Serv. v. Blue Cross/Blue Shield*, 41 F.3d 1476, 1485 (11th Cir. 1995).   In some cases additional considerations may be relevant to the determination.   *Freeman*, 996 F.2d at 1119.

10

The thrust of JSLA's argument in support of its motion for attorney's fees is that MCCG pursued its claim against JSLA in bad faith. JSLA—as third party administrator of Denon's employee benefit plan—insists that MCCG's claim for breach of fiduciary duty was frivolous and without legal or factual basis. JSLA maintains that MCCG advanced its claim with full knowledge of its legal and factual deficiency. JSLA's argument, while understandably made, is unpersuasive.

Mindful of the factors to be applied in this context, the Court finds that the simplest and most straightforward way to test the non-moving party's culpability—*i.e.* whether he pursued a claim in bad faith—is to examine whether the claim brought against the moving party has any arguable merit. Thus, the first and fifth factors used to gauge the propriety of awards under § 1132(g)(1) overlap to a considerable degree. For the reasons outlined below, the Court finds that the bad-faith and relative-merits factors, taken together, are dispositive of JSLA's motion.

### 1.    *Bad faith / Relative Merits*

MCCG, in opposing JSLA's motion for attorney's fees, argues that it prosecuted a colorable claim throughout these proceedings. A review of the law bears this out.

"ERISA does not regulate the duties of non-fiduciary plan administrators." **Howard v. Parisian, Inc.**, 807 F.2d 1560, 1564 (11th Cir. 1987). Only those who qualify as fiduciaries have obligations under ERISA. A fiduciary, in turn, is any person or entity who, with regard to a plan, "exercises any discretionary authority or . . . control respecting management of such plan or . . . respecting management or disposition of its assets." 29 U.S.C.A. § 1002(21)(A)(i) (West 1999). One may also be considered a fiduciary if "he has

11

any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C.A. § 1002(21)(A)(iii).  Fiduciary status under the latter subsection is imposed "on those who exercise discretionary authority, regardless of whether such authority was ever granted."  **Olson v. E.F. Hutton & Co., Inc.**, 957 F.2d 622, 625 (8th Cir. 1992).  There is some authority for the proposition that one may be deemed a fiduciary if he exercises the authority "to grant, deny, or review denied claims."  **Kyle Railways, Inc. v. Pacific Admin. Serv., Inc.**, 990 F.2d 513, 518 (9th Cir. 1993).

JSLA's position throughout this litigation has been (1) that it served merely as a third-party administrator with respect to Denon's employee benefits plan; (2)  that it neither had nor exercised any discretionary authority with respect to the plan; and (3) that it was therefore not a fiduciary for purposes of ERISA.  The Court, after reviewing the evidence developed during discovery agreed with this position, granting JSLA's motion for summary judgment as to the claims of MCCG.

Nevertheless, even though its claims did not withstand summary judgment, MCCG argues that an award of attorney's fees to JSLA would be inappropriate under the circumstances.  MCCG denies that it acted culpably or in bad faith by naming JSLA as a defendant in this action.  According to MCCG, at the time the suit was filed, it had reason to suspect that JSLA exercised some degree of discretion with respect to the administration of Denon's plan in general and with respect to the denial of the insured's claim in particular.  In an effort to substantiate these suspicions through the discovery process, MCCG named JSLA as a defendant.

After discovery was complete, MCCG maintained, in response to JSLA's motion for

12

summary judgment, that a genuine issue of material fact existed regarding whether JSLA's actions in administering the plan were sufficient to create fiduciary status under 29 U.S.C. § 1002(21)(A).  While the Court ultimately disagreed with MCCG's characterization of the evidence, the arguments it asserted were at least colorable.  It does not appear, as JSLA would now suggest, that MCCG's stance was wholly frivolous, without merit, and pursued in bad faith.  Though the claims presented by MCCG in this matter were ultimately unsuccessful, they were not so baseless and unfounded as to support a finding of bad faith or culpability.  *See* **First Nat. Life Ins. Co. v. Sunshine-Jr. Food Stores**, 960 F.2d 1546, 1553-54 (11th Cir. 1992) (affirming district court's denial of attorney's fees where the plaintiff had not acted in bad faith in bringing the lawsuit).  Accordingly, there is no basis for an award of attorney's fees under § 1132(g)(1).

### C.    Motion to Exclude Testimony and Documents Under Rule 37(c)(1)

JSLA indicates in its pre-trial disclosures that it may introduce the following evidence at trial: (1) the live testimony of Jerry Hedgepeth, a representative from JSLA's corporate headquarters who is expected to testify that JSLA, and not its insurer, paid the attorney's fees in this case; (2) the live testimony of Rosemary Parks, a member of the accounting staff at Hall, Booth, Smith, & Slover, P.C., who is expected to authenticate the firm's accounting documents and explain payments received by the firm with respect to JSLA; (3) the deposition testimony of Linda Delinge, Anne Muhammad, Ella Perry, Lucille Bartuswicz, and H. Lynn Branch; (4) certain documents—such as, invoices, bills, account summaries, etc.—intended to support JSLA's claim for attorney's fees; and (5) JSLA's computation of damages.  None of these individuals or items were identified in JSLA's Rule

13

26(a)(1) initial disclosures.

With respect to Jerry Hedgepeth and Rosemary Parks, Denon argues that JSLA is precluded from calling them as witnesses at trial because they were not identified in JSLA's Rule 26(a)(1) initial disclosures.  A party's initial disclosures must include "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. . . ."  Fed. R. Civ. Pro. 26(a)(1)(A) (West 2005).  The remedy for failing to comply with this requirement is found in Rule 37(c)(1), which states: "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed."  Fed. R. Civ. Pro. 37(c)(1).  While it is not clear whether JSLA's failure to list these witnesses was substantially justified, the Court believes that any resultant harm to Denon can be cured by allowing Denon to depose these witnesses prior to trial, should it desire to do so.  Accordingly, they will not be prohibited from testifying at trial under Rule 37.

Denon objects to the introduction of the deposition testimony of the five individuals identified by JSLA on relevancy grounds under Rules 401 and 403 of the Federal Rules of Evidence.  The Court, therefore, finds it best to deal with this evidence in the context of the trial, rather than in a pre-trial motion.  JSLA will be permitted to proffer deposition testimony from these individuals as it deems necessary, subject, of course, to any relevancy objections made by Denon.

Denon objects to the way certain documents were described in JSLA's pre-trial

disclosures.  Specifically, Denon maintains that the documents JSLA intends to use to support its claim have not been individually identified as required by Rule 26(a)(3)(C). Rather, JSLA simply listed in its pre-trial disclosures certain *categories* of documents which it intends to use at trial.  The Rule in question provides that "a party must provide to other parties . . . an appropriate identification of *each* document or other exhibit . . . which the party expects to offer and those which the party may offer if the need arises."  Fed. R. Civ. Pro. 26(a)(3)(C).  Accordingly, JSLA is directed to compile a list identifying and specifying each document it "expects to offer" or "may offer" at trial.[4]  This list shall be served on Denon within 10 days of the date of this order.  The Court recognizes that an exhaustive description of each document is not necessary; however, such description must be sufficient to put Denon on notice of exactly which documents it can expect to see at trial. The Rule is designed to prevent surprises, and the Court finds that this directive is tailored to that end.

Finally, the Court finds that the failure of JSLA to include in its initial disclosures a computation of damages is harmless to Denon and, therefore, not subject to exclusion under Rule 37(c)(1).  Denon is aware of the grounds on which JSLA's claim for attorney's fees rests, the amount of money sought, and the number of hours of work for which JSLA demands compensation.

---

[4] Contrary to JSLA's assertion, invoices prepared by Hall, Smith, Booth & Slover, P.C., and JSLA's own records of payment for the law firm's services are not protected by the attorney-client privilege.  "[I]t is the law of this circuit [absent a 'limited and rarely available' exception] that information involving receipt of attorneys' fees from a client is not generally privileged." ***O'Neal v. United States***, 258 F.3d 1265, 1276 (11th Cir. 2001) (citing ***In re Slaughter***, 694 F.2d 1258, 1260 (11th Cir. 1982)).  The court in ***O'Neal*** noted that a party "may not assert entitlement to a monetary benefit on the one hand, and then hide behind a claim of privilege on the other." ***Id.***

III.   **CONCLUSION**

For the foregoing reasons, the Court finds as follows:

1.  JSLA's Motion for Leave to Amend is hereby **DENIED.**

2.  JSLA's Motion for Attorney's Fees pursuant to 29 U.S.C.A. § 1132(g)(1)

     is hereby **DENIED.**

3.  Denon's objections to JSLA's pre-trial disclosures will be handled as

     follows:

     a.   Denon may depose Jerry Hedgepeth and Rosemary Parks in
          anticipation of their potential testimony at trial.

     b.   The Court will postpone any ruling on the proposed deposition
          testimony of the five witnesses identified above until trial in
          accordance with the Federal Rules of Evidence.

     c.   JSLA is directed to comply with Rule 26(a)(3)(C) by compiling
          a list identifying and specifying each document it "expects to
          offer" or "may offer" at trial.  This list shall be served on Denon
          **within 10 days** of the date of this order.

SO ORDERED, this 4th day of May, 2005.

                                        **/s/ Duross Fitzpatrick**
                                        DUROSS FITZPATRICK, JUDGE
                                        UNITED STATES DISTRICT COURT

DF/sew

16