IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| THE MEDICAL CENTER OF CENTRAL GEORGIA, | : : : | |
| Plaintiff, | : : | |
| | : | 5:03CV32 (DF) |
| vs. | : : | |
| DENON DIGITAL EMPLOYEE BENEFIT PLAN; DENON DIGITAL, LLC; and J. SMITH LANIER & CO. ADMINISTRATORS, INC., | : : : : : : | |
| Defendants. | : | |

**O R D E R**

Following a two-day bench trial, the Court, on July 11, 2005, entered Findings of Fact and Conclusions of Law (tab 125) regarding Defendant J. Smith Lanier & Co. Administrator, Inc.'s ("JSLA") cross-claim for indemnification against Defendant Denon Digital, LLC ("Denon"). The Court concluded that the unambiguous terms of the indemnification provision in the parties' Administrative Services Agreement ("ASA") obligated Denon to reimburse JSLA for $47,539.77 in attorney's fees and expenses imposed on JSLA as a result of defending itself in this litigation.

On July 15 Denon moved the Court, under Rule 59(e) of the Federal Rules of Civil Procedure, to reverse its decision by holding that the indemnification provision is ambiguous and that it should therefore be construed against its drafter—JSLA. This result would require Denon to pay nothing.

Denon insists that a finding of ambiguity is compelled by a ruling the Court made during the bench trial on May 23—specifically, the Court's ruling that the terms of the indemnification provision were ambiguous enough to allow Denon to present evidence on that issue. Denon finds inconsistency in the Court's treatment of the pertinent language, arguing that its July 11 determination that the terms are "plain and clear" contradicts its previous ruling. Therefore, according to Denon, the later ruling cannot stand. For the following reasons, the Court disagrees.

Denon notes, rightly, that a contract found to be ambiguous on day one cannot thereafter become unambiguous on day two. But that, of course, is not what happened here. The argument presented in Denon's present motion fails to recognize both the nature of the Court's May 23 ruling and its effect.

That ruling did not constitute a final determination on the question of the ambiguity or nonambiguity of the indemnification provision. Rather, it was a pretrial evidentiary ruling on JSLA's motion *in limine*; a motion by which JSLA

2

sought to exclude all evidence regarding ambiguities in the terms of the indemnification provision. JSLA based its motion on Federal Rule of Evidence 403, arguing that the introduction of any such evidence by Denon would serve only to confuse the issues in the case.

Because the motion was not fully briefed beforehand, the Court heard limited argument by counsel for both parties on the first day of trial. The Court, relying on a decision of the North Carolina Court of Appeals,[1] ultimately denied JSLA's motion, explaining that the dispute between Denon and JSLA was *some* indication that the terms of the indemnification agreement might be ambiguous. In other words, in the interest of not precluding the introduction of any potentially probative evidence, the Court gave Denon the benefit of the doubt.

Denon, however, presented nothing further to support its contention that the words of the ASA were ambiguous. After hearing all of the evidence, taking the matter under advisement, and giving careful consideration to the parties' post-trial briefs, the Court determined that the words were not reasonably susceptible to multiple interpretations. Therefore, the Court found that the words were unambiguous.

---

[1] *Dockery v. Quality Plastic Custom Molding, Inc.*, 547 S.E.2d 850 (N.C. Ct. App. 2001).

It has been recognized time and again that "[a] ruling on a motion *in limine* is a preliminary or interlocutory decision which the trial court can change if circumstances develop which make it necessary." ***North Carolina v. Lamb***, 365 S.E.2d 600, 608 (N.C. 1988). Far from final, such rulings merely "foreshadow[ ] the court's inclination" and "may be revisited during trial." ***North Carolina v. McNeill***, 613 S.E.2d 43, 45-46 (N.C. Ct. App. 2005). Even the Supreme Court has recognized a trial court's inherent authority to decide and reconsider evidentiary issues raised in motions *in limine*, noting that "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." ***Luce v. United States***, 469 U.S. 38, 41-42 (1984); *see* 1 Christopher B. Mueller et al., *Federal Evidence* § 11 (2d ed. 2004) (noting that because "a pretrial ruling is usually considered only tentative in nature . . . it seems that the judge may change his ruling during trial" especially if "the testimony or other relevant developments turn out differently from what was expected at the time of the pretrial ruling.").

The Court denied JSLA's motion on the expectation that Denon would proffer some evidence of ambiguity during the trial and that, if it did, any such evidence would have probative value with respect to the indemnification provision.

4

However, Denon did not do so. The Court noted that the "contract is ambiguous *enough* that I will not have it enforced as to the terms as unambiguous." Tr. 12:12-13. Reading this statement in context, one sees that it is followed shortly by the statement "So your motion [*in limine*] is denied." Tr. 12:21. This second statement is significant because it shows that the ruling was made in reference to JSLA's motion *in limine*. It therefore represented the Court's preliminary assessment of how things might turn out at trial, not a final adjudication on the question of whether the indemnification provision was ambiguous or not.

The Court adheres to its conclusion that the words in the indemnification provision are unambiguous, bearing only one reasonable interpretation.

Denon's motion to alter judgment under Rule 59(e) is hereby **DENIED.**

SO ORDERED, this 18th day of July, 2005.

/s/ **Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/sew